IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ADRIAN GROOMS,

                Applicant,

v.

WARDEN ANTHONY
WASHINGTON,

                Respondent.

1:06-cv-1851-WSD

## OPINION AND ORDER

This matter is before the Court on Applicant Adrian Grooms ("Applicant" or "Jones") Motion of Objectives Service of Report and Recommendation of United States Magistrate Judge ("Objections") [23][1] to the Report and Recommendation

---

[1] Attached to the Petitioner's objections are various documents not submitted with the habeas petition. The documents relate to the mother of the young girl Petitioner was convicted of molesting, and include information about her mental health issues, criminal history, and receipts from The Family Place. This information is untimely. Even if the Court were to consider these documents, they would not disturb the correctness of the R&R.

    Petitioner also has submitted a Motion for Reconsider for Counsel's For Motion to Object of Report and Recommendation Briefs [27], a Motion for Evidentiary Hearing [26], and a Motion for Leave to file Documents [24]. Through these motions, Petitioner appears to seek to present unidentified witnesses and documents to "prove his innocense [sic]" and to show that "the crime of which he was convicted never took place."

    Petitioner is not entitled to a new trial in this Court, but only a determination of whether his federal rights were violated. 28 U.S.C. §§ 2254(a), 2241(c)(3)  New

issued by Magistrate Judge Russell G. Vineyard on May 1, 2007, (the "R&R") [18].

## I.    STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(c).

With respect to those findings and recommendations to which Petitioner has not asserted objections, the Court must conduct a plain error review of the record. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

---

documents, witnesses, or other evidence are thus not relevant to these habeas proceedings unless they meet the demanding standard for proving "actual innocence" to overcome procedural default--which Petitioner's submissions do not. Petitioner's motions are thus DENIED.

Petitioner has not objected to the fact findings of the R&R, so the Court adopts those facts.[2]  The Court will give fresh consideration to the issues for which specific objections are asserted.

## II.     DISCUSSION

The Court carefully has reviewed the objections.  Petitioner does not address the specific findings and recommendations in the R&R.  The Objections simply reiterate the arguments presented in the habeas petition.  These objections are improper, and the Court need not consider them.  In light of the Petitioner's *pro se* status, however, the Court has reviewed *de novo* each the findings of the R&R.

On careful review, the Court finds that the R&R correctly concluded:

(1) that Petitioner did not show that his trial counsel was constitutionally ineffective;

(2) that Petitioner's claims of ineffective appellate counsel were unexhausted;

---

[2]  The Court notes the thoroughness of the Magistrate Judge's R&R.  The 34-page R&R organizes Petitioner's arguments in an orderly fashion, reducing redundancy and assuring all of the arguments are addressed.  The organization and presentation of Petitioner's arguments was fair and allowed the Court to consider the arguments advanced in the Petition more efficiently and carefully.

(3) that Petitioner's claims of trial error fail; and

(4) that the remainder of Petitioner's claims are procedurally defaulted under Georgia law and thus barred from consideration on federal habeas review, and that Petitioner did not overcome the procedural bar. .

Accordingly,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Petitioner's objections [23].

**IT IS FURTHER ORDERED** that the Court **ADOPTS AS ITS ORDER** the Report and Recommendation [18].

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration [27], Motion for Evidentiary Hearing [26], and a Motion for Leave to file Documents [24] are **DENIED**.

The Clerk is directed to **CLOSE** this case.

**SO ORDERED** this 30th day of July, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE